## Watterson *versus* Reynolds et al.

It was provided in a lease of land that the lessee " shall hold the same and enjoy and use all the rights and privileges of real ownership as in fee-simple" as long as he shall carry on a certain iron furnace, the lessee to pay the taxes and also a royalty to the lessor for every ton of iron ore quarried : *Held*, that under the terms of said lease the lessee had the right to quarry limestone on said premises for use in said furnace, in the manufacture of iron.

October 18th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Clarion county :* Of October and November Term 1880, No. 241.

Assumpsit by James Watterson against Alexander Reynolds and John Moorehead, to recover the value of certain limestone quarried and taken away by defendants from a tract of land leased to them by plaintiff with a view to the manufacture of pig iron on said land.

At the trial the plaintiff gave in evidence the lease referred to above, which contained, in substance, the following terms :

" I, James Watterson, * * * for and in consideration of one dollar, to me in hand paid by Thomas McCulloch, and for other valuable consideration hereafter mentioned, do hereby agree and engage for myself, my heirs or assigns, to lease to the said McCulloch, his heirs or assigns, a certain piece of ground situate on (here follows description), containing 46 acres ; * * * said McCulloch to take possession of the above-described tract of land as soon as he commences to build a furnace at the mouth of Redbank creek, and hold the same, and enjoy and use all the rights and privileges of real ownership as in fee simple, so long as said McCulloch, his heirs or assigns, may carry on a furnace at the mouth of Redbank creek, in said township of Madison ; except that said McCulloch is to pay the taxes on said tract of land, and to pay me twenty cents per ton for each ton of twenty-two hundred and forty pounds of ore he may dig and haul away from said tract of land.   It is understood and agreed by the parties to this lease, that the furnace is to be considered as being carried on until it is finally and formally abandoned as a furnace property, and that any stoppage of the furnace for a time is not to be considered as an abandonment or as not carrying the furnace on.   Said McCulloch further agrees to com-

mence digging the ore on the within-described piece of ground within one year from this date, and to prosecute the digging of the same with due diligence."

Plaintiff also gave in evidence an assignment of said lease to defendants. He then offered to show that the defendants took 50,000 tons of limestone from the leased land, and also to show its value. The defendants objected to this evidence as irrelevant and incompetent, and the court sustained the objection.

The plaintiff submitted, inter alia, the following points, to which are appended the answers of the court, Jenks, P. J.:

1. That the words in the contract of June 27th 1869, do not convey an interest in the soil, either by express grant or by implication, and the right to "use and enjoy," refers only to the lease and the possession.

Ans. "We think the lease gives the defendants the right to use every part of the realty necessary and convenient for the profitable and efficient use of the furnace. We, therefore, decline to answer this point as requested."

3. There is no grant in said instrument to take or carry away any of the soil but the ore ; and not being conveyed away, the right of soil (other than the ore) remains in the lessor, and McCulloch, and those claiming under him, cannot take limestone; and the plaintiff has the right to recover for all the limestone taken off the premises.

Ans. "We decline to answer this point as requested. We think the defendants had a right to use the limestone if it was necessary for the profitable and efficient use of the furnace."

Verdict for defendants, and after judgment thereon plaintiff took this writ and alleged, inter alia, that the court erred in refusing the above evidence, and in their answers to the above points.

*Knox & Maffett* and *James Campbell*, for plaintiff in error.

*W. L. Corbett* and *B. J. Reid & Son*, for defendants in error.

Mr. Justice GREEN delivered the opinion of the court, November 8th 1880.

We are of opinion that the court below gave a correct construction to the lease between Watterson and McCulloch, and the judgment must therefore be affirmed. The lease is somewhat peculiar both in its character and its phraseology, but we do not think it difficult of interpretation. In terms, it is a grant of a tract of land, by description, containing forty-six acres, more or less, the grantee to take possession "as soon as he commences to build a furnace at the mouth of Redbank creek, and hold the same, and enjoy and use all the rights and privileges of real ownership as in fee simple so long as said McCulloch, his heirs or assigns, may carry on a furnace at the mouth of Redbank creek, in said township of

[Watterson v. Reynolds.]

Madison ; except that said McCulloch is to pay the taxes on said tract of land, and to pay me twenty cents per ton for each ton of twenty-two hundred and forty pounds of ore he may dig and haul away from said tract of land." No right to dig or take away either limestone or iron ore is given in express words. The right to take ore is assumed to exist in the remainder of the instrument, but the only language previously used which can suffice to confer that right is equally efficacious to confer also the right to take limestone. The land was manifestly leased for the very purpose of being used for the erection and maintenance of a furnace. The lessee can only take possession when he commences to build a furnace ; he can hold it so long as he continues to carry on a furnace, and the same privilege is extended to his heirs and assigns indefinitely, and it is to be terminated when the property is formally abandoned as a furnace property. The consideration to be paid by the lessee, for whatever rights and privileges are conferred by the lease is, the erection and continued maintenance of a furnace on the premises, the payment of the taxes on the land, and the payment of a royalty of twenty cents per ton on every ton of twenty-two hundred and forty pounds of ore dug and hauled away from the tract. These constitute the full equivalent for every right conferred by the lease. There is no obligation to pay for any limestone that may be taken. Does the right to take limestone exist ? If there are proper words giving the right it is no reply to argue against its existence that there is no provision to pay for it since it may be paid for in the other considerations to move from the lessee.

Now, the words are that the lessee is " to hold the same (that is, the tract of land,) and enjoy and use all the rights and privileges of real ownership as in fee simple," so long as he may carry on a furnace on the premises. These words are in the lease for some purpose. We have no right to overlook or reject them or to refuse them their plain natural meaning. It is certainly one of the "rights and privileges of real ownership as in fee simple " to take limestone from land wherever it is found. Moreover, limestone is a necessary article to be used in the manufacture of pig iron, and it may well be intended that the parties who were contracting for the erection and maintenance of a furnace on the demised premises, had it in contemplation that limestone as well as iron ore should be taken and used in carrying on the furnace. We are of opinion that the words of the lease include the right to take limestone from the premises for use in the furnace, and as there was no obligation to pay for it other than in the manner already indicated, there could be no recovery for its value in the manner proposed in this action. The court below were right in excluding the testimony offered and in their answers to the plaintiff's first and third points.

Judgment affirmed.

Justice GORDON dissented.